UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SETH HETTENA<br>9220 Virginian Lane<br>La Mesa, California 91941<br><br>    Plaintiff,<br><br>    v.<br><br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530-0001<br><br>    Defendant. | *<br>*<br>*<br>*<br>*<br>*<br>*    Civil Action No. 19-1058<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, seeking production of records responsive to a request submitted by the plaintiff Seth Hettena to the defendant Department of Justice (as well as its subordinate entity).

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff Seth Hettena ("Hettena") is a journalist and published author, and is a representative of the news media. He is the author of a book regarding connections between President Donald J. Trump ("President Trump") and Russia, and has written numerous articles for national publications on the subject.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (f), and is in possession and/or control of the records requested by the plaintiff that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

## FACTUAL BACKGROUND

5. This lawsuit is brought under the Freedom of Information Act ("FOIA") and seeks the complete production of FBI records regarding Vyacheslav Kirillovich Ivankov ("Mr. Ivankov"), a deceased former Russian mafia boss. Mr. Hettena's FOIA request seeks FBI records outlining Mr. Ivankov's background, his connections to the Mogilevich organization, details of his activities in the United States in the 1990s, and any interactions or associations between Mr. Ivankov and President Trump or the Trump Organization.

6. Mr. Ivankov was a Russian national who had previously served a ten-year prison sentence in Russia before he came to the United States in 1992. On June 8, 1995, he was arrested by the FBI and charged with extortion of millions of dollars from an investment advisory firm, Summit. *https://web.archive.org/web/20091018163141/http://www.nydailynews.com/archives/news/1997/04/21/1997-04-21_infamous_from_moscow_to_n_y_.html* (last accessed April 12, 2019). In June 1996, Mr. Ivankov was convicted and later sentenced to prison for approximately ten years. *https://www.upi.com/Archives/1997/01/29/Reputed-Russian-mob-boss-gets-10-years/7241854514000/* (last accessed April 12, 2019).

7. On July 13, 2004, Mr. Ivankov was deported to Russia to face murder charges stemming from a shooting in Moscow, Russia, in 1992. He was acquitted of the charges in 2005. Mr. Ivankov was shot and died from his injuries on October 9, 2009, in Moscow, Russia.

*https://www.cbsnews.com/news/russian-crime-boss-ivankov-dies-in-hospital/* (last accessed April 12, 2019).

8. During the three years Mr. Ivankov lived in the United States prior to his imprisonment, the FBI noted he made frequent visits to Trump Organization properties, such as the Trump Taj Mahal and Trump Tower (where a condominium unit was allegedly owned by the Russian Mafia). *https://newrepublic.com/article/143586/trumps-russian-laundromat-trump-tower-luxury-high-rises-dirty-money-international-crime-syndicate* (last accessed April 12, 2019); *https://www.washingtonpost.com/outlook/trumps-businesses-are-full-of-dirty-russian-money-the-scandal-is-thats-legal/2019/03/29/11b812da-5171-11e9-88a1-ed346f0ec94f_story.html?utm_term=.dc00699c08cd* (last accessed April 12, 2019).

9. The purpose of this FOIA lawsuit is to clarify the contours of the FBI's understanding of Mr. Ivankov's activities within the United States, including to what extent (if any) his ties to Trump Organization properties raise larger ethical, moral or legal concerns regarding the president's exposure to Russian financial interests.

## COUNT ONE (FBI)

10. The plaintiff, Hettena, repeats and realleges paragraphs 5 through 9 above, inclusive.

11. On September 16, 2017, Hettena submitted to the FBI a FOIA request.

12. The FOIA request specifically sought FBI records regarding Mr. Ivankov, including records regarding Mr. Ivankov's "Yaponchik" Organization. Mr. Hettena requested a fee waiver.

13. By letter dated September 29, 2017, the FBI acknowledged receipt of the FOIA request and designated it Request No. 1385162-000.

14. By letter dated October 26, 2017, the FBI informed Hettena it had located approximately 37,934 pages of responsive records. The FBI stated duplication costs would total $1,140. The FBI separately stated that it had denied Hettena's request for a fee waiver. The request was also re-designated as Request No. 1385162-001.

15. In an e-mail dated October 27, 2017, Hettena provided information seeking to have his requester status changed to news media requester.

16. By e-mail dated January 25, 2018, the FBI informed Hettena that it had been able to narrow the scope of potentially responsive records down to 528 pages.

17. By letter dated March 25, 2019, the FBI informed Hettena that it had reclassified him as a news media requester.

18. To date, no substantive response has been received by Hettena from the FBI. Hettena has constructively exhausted all required administrative remedies.

WHEREFORE, plaintiff Seth Hettena prays that this Court:

(1) Orders the defendant federal agency to disclose the requested records in their entirety and make copies promptly available to the plaintiff;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) grant such other relief as the Court may deem just and proper.

Date: April 16, 2019

Respectfully submitted,

/s/

_____

Bradley P. Moss, Esq.
D.C. Bar #975905
Mark S. Zaid, Esq.
D.C. Bar #440532
Mark S. Zaid, P.C.
1250 Connecticut Avenue, N.W.
Suite 700
Washington, D.C. 20036
(202) 454-2809
(202) 330-5610 fax
Brad@MarkZaid.com
Mark@MarkZaid.com

Attorneys for Plaintiff