UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SETH HETTENA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF JUSTICE, ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. 19-1058 (ABJ) |

**DEFENDANT'S MOTION FOR LEAVE TO PROVIDE
DECLARATION FOR *EX PARTE, IN CAMERA* REVIEW**

Defendant the Department of Justice (the "Department") respectfully requests that the Court permit the *ex parte, in camera* submission of the second of two declarations of Michael G. Seidel, the Acting Chief of the Record/Information Section of the Information Division of the Federal Bureau of Investigation ("FBI"), in support of the Department's motion for summary judgment, filed contemporaneously herewith. Defendant requests that the Court review the second declaration by Mr. Seidel *ex parte*, *in camera* for the following reasons. Plaintiff indicated that he takes no position on the relief sought by this Motion. A proposed order is attached.

On August 16, 2019, Plaintiff instituted this action under the Freedom of Information Act ("FOIA") seeking records relating to the investigation of Vyacheslav Ivankov, who was assassinated in 2009 in Russia after his release from prison in the United States. Compl. ¶¶ 6-7. The Department relies on two declarations authored by Mr. Seidel to support its motion for summary judgment. The Department intends to file the first on the public docket to address, among other things, its withholding of information under FOIA Exemptions 3, 6, 7(C), 7(D), and 7(E). *See* 5 U.S.C. § 552(b)(3), (6), (7)(C), (7)(D), and (7)(E). With the short second declaration the Department intends to provide additional support for the withholding under Exemption 7(E) for

certain highly sensitive law enforcement techniques, the disclosure of which could negatively impact the FBI and other law enforcement agencies' ability to use the techniques and could reasonably be expected to risk circumvention of the law.

The Department believes that it is necessary for the Court to review the second declaration by Mr. Seidel, but requests that the Court exercise its discretion to conduct its review of the second Seidel Declaration *ex parte*, *in camera* to avoid revealing the very information the FBI seeks to protect by asserting FOIA Exemption 7(E). *See Arieff v. Dep't of Navy*, 712 F.2d 1462, 1469 (D.C. Cir. 1983) ("The receipt of in camera affidavits . . . when necessary, [is] part of a trial judge's procedural arsenal."); *Edmonds v. FBI*, 272 F. Supp. 2d 35, 46-47 (D.D.C. 2003) (The court may utilize *in camera* review of a declaration to resolve fundamental issues in a FOIA case "when extensive public justification would threaten to reveal the very information for which a FOIA exemption is claimed.") (quoting *Lykins v. Dep't of Justice*, 725 F.2d 1455, 1463 (D.C. Cir. 1984)).

Dated: July 2, 2020
       Washington, DC

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:     /s/ *Michael A. Tilghman II*
MICHAEL A. TILGHMAN II
D.C. Bar #988441
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C. 20530
(202)252-7113
Michael.Tilghman@usdoj.gov

*Attorneys for the United States of America*