UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| _____ | ) | |
| SETH HETTENA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-1058 (ABJ) |
| | ) | |
| U.S. DEPARTMENT OF JUSTICE, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**REPLY IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

In opposition to Defendant's Motion for Summary Judgment (ECF No. 18), plaintiff Seth Hettena ("Plaintiff") narrows his challenge to the withholdings by the Federal Bureau of Investigation ("FBI") of information relating to Vyacheslav Kirillovich Ivankov ("Ivankov") that Plaintiff claims are responsive to his Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, request to the FBI. Plaintiff now only challenges the alleged withholding, in full, of records (1) potentially implicating the Trump Organization under FOIA Exemptions 6 and 7(C), 5 U.S.C. §§ 552(b)(6) and (b)(7)(C); and (2) potentially implicating Donald J. Trump under FOIA Exemption 7(D), 5 U.S.C. § 552(b)(7)(D), based on an implied assurance of confidentiality.[1]

As discussed below, the FBI did not withhold any information relating to the Trump Organization under FOIA Exemptions 6 or 7(C). Plaintiff's challenge to the FBI's withholdings under Exemption 7(D) based on an implied assurance of confidentiality seeks to force Defendant, the United States Department of Justice (the "Department"), to confirm or deny whether the FBI

---

[1]    Plaintiff has not cross moved for summary judgment and concedes "any remaining challenges to redactions and/or withholdings made to responsive records." Pl.'s Opp'n (ECF No. 20) at 1 n.1.

has used Exemption 7(D) to withhold in full any documents pertaining to Mr. Trump and fails for four reasons. First, the FBI did not withhold any pages in full under Exemption 7(D) based on an implied assurance of confidentiality. Second, even if Plaintiff challenged the FBI's withholding in part under Exemption 7(D), the Department declines Plaintiff's invitation to confirm or deny whether the information pertains to Mr. Trump, choosing instead to assert a *Glomar* response[2] because to respond otherwise would jeopardize the FBI's confidential source program. Second, Plaintiff's attempt to demonstrate that the FBI waived its exemption or ability to assert a *Glomar* response fails given that Plaintiff has presented no evidence establishing that the FBI made an official acknowledgment of the withheld information. Third, Plaintiff's speculation that Mr. Trump is the confidential source that the FBI seeks to protect through its invocation of Exemption 7(D) is insufficient to overcome the Department's showing that it is entitled to summary judgment on its withholdings under Exemption 7(D). Accordingly, the Department respectfully requests that the Court enter summary judgment in its favor.

## ARGUMENT

I.    **Plaintiff Has Failed to Establish that the FBI Improperly Withheld Records Under FOIA Exemptions 6 and 7(C) Because the FBI Did Not Assert Those Exemptions to Withhold Information Pertaining to the Trump Organization.**

Plaintiff incorrectly maintains that the Department has failed to meet its burden of establishing that the FBI properly withheld information under FOIA Exemptions 6 and 7(C) based

---

[2]    A "*Glomar* response" "is named for the *Hughes Glomar Explorer*, a ship used in a classified Central Intelligence Agency project 'to raise a sunken Soviet submarine from the floor of the Pacific Ocean to recover the missiles, codes, and communications equipment onboard for analysis by the United States military and intelligence experts.'" *Roth v. Dep't of Justice*, 642 F.3d 1161, 1171 (D.C. Cir. 2011) (quoting *Phillippi v. CIA*, 655 F.2d 1325, 1327 (D.C. Cir. 1981)) (other citations omitted). "[T]he term '*Glomar* response' entered the FOIA lexicon" after the Central Intelligence Agency "refused to either confirm or deny whether it had . . . records" related to the *Hughes Glomar Explorer*. *Id.*

on his speculation that the FBI "withh[e]ld information concerning the Trump Organization on the basis of privacy interests." Pl.'s Opp'n at 5. "[T]he FBI did not use Exemptions 6 and 7(C) to withhold documents in full to protect mentions of the Trump Organization because no organizations of any type were protected by Exemptions 6 and 7(C)." 2d Seidel Decl. ¶ 8. Plaintiff has no viable claim that the FBI improperly withheld documents relating to the Trump Organization under FOIA Exemptions 6 or 7(C) in the absence of establishing that the FBI withheld information under the referenced exemptions. *See Burnes v. CIA*, Civ. A. No. 05-242, 2005 U.S. Dist. LEXIS 20114, at *9 (D.D.C. Sept. 14, 2005) ("To prevail in a FOIA case, a plaintiff must show that an agency has (1) improperly (2) withheld (3) agency records.") (citing *Dep't of Justice v. Tax Analysts*, 492 U.S. 136, 142 (1989); *United We Stand Am.*, *Inc. v. IRS*, 359 F.3d 595, 598 (D.C. Cir. 2004)).

## II.   Plaintiff Has Failed to Establish that the FBI Improperly Withheld Records Under FOIA Exemption 7(D).

### A.   The FBI Did Not Withhold in Full Any Records Under Exemption 7(D) Based on An Implied Assurance of Confidentiality.

Plaintiff's challenge to the FBI's withholding under Exemption 7(D) likewise fails. Plaintiff concedes that his challenge to the FBI's withholding under Exemption 7(D) is limited to the "withholding of records *in full* . . . potentially implicating Donald J. Trump" based on an alleged implied assurance of confidentiality. Pl.'s Opp'n at 1, 9-11 (emphasis in original). However, the FBI did not assert Exemption 7(D) to withhold in full pages containing information related to a source who was given an implied assurance of confidentially. 2d Seidel Decl. ¶ 5. Thus, Plaintiff's challenge to the FBI's withholdings under Exemption 7(D) is without merit.

**B.      The Department Asserts a *Glomar* Response to Plaintiff's Inquiry Regarding Mr. Trump to Protect the FBI's Confidential Source Program.**

Assuming the Court were to interpret Plaintiff's challenge as broader than stated, Plaintiff has failed to undermine the Department's showing that it properly invoked Exemption 7(D) to withhold "information provided by a third party regarding Russian Organized Crime because the third party risked harm in providing the information due to being 'within the orbit of suspected violent criminals, and such criminals (in the FBI's experience) typically seek to deter informants' cooperation with law enforcement through reprisal.'" Open. Br. (ECF No. 18) at 17 (quoting Seidel Decl. ¶ 78). Rather than do so, Plaintiff seeks to have the Department confirm or deny whether the third party the FBI references is Mr. Trump by maintaining that "the previous official disclosure by the FBI of Mr. Trump's interest in coordinating with the agency . . . to prevent infiltration of his casino[—Trump Taj Mahal in Atlantic City, New Jersey—]by criminal elements undermines the notion that Mr. Trump could simultaneously serve as a third-party source of information under an implied assurance of confidentiality." Pl.'s Opp'n at 11 (emphasis omitted).

The FBI declines to confirm or deny the existence of responsive information regarding Mr. Trump, 2d Seidel Decl. ¶ 11, which is commonly referred to as a *Glomar* response. "'A *Glomar* response is valid if the fact of the existence or nonexistence of agency records falls within a FOIA exemption.'" *De Sousa v. CIA*, 239 F. Supp. 3d 179, 190 (D.D.C. 2017) (quoting *People for the Ethical Treatment of Animals ("PETA") v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014)) (other citation and internal quotation marks omitted). "In other words, a *Glomar* response is appropriate when revealing the very fact that an agency possesses responsive records would itself be subject to a FOIA exception." *James Madison Project v. Dep't of Justice*, 302 F. Supp. 3d 12, 20 (D.D.C. 2018). "To determine whether acknowledging the existence or non-existence of responsive records 'fits a FOIA exemption, courts apply the general exemption review

standards established in non-*Glomar* cases.'" *De Sousa*, 239 F. Supp. 3d at 190 (quoting *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007)). "'Ultimately, an agency's justification for invoking a FOIA exemption,' whether directly or in the form of a *Glomar* response, 'is sufficient if it appears logical or plausible.'" *ACLU v. CIA*, 710 F.3d 422, 427 (D.C. Cir. 2013) (quoting *Wolf*, 473 F.3d at 374-75).

For example, "as the D.C. Circuit noted with respect to Exemption 7(C), if an agency 'were required to acknowledge responsive documents in instances where there was no investigation but were permitted to give a *Glomar* response in cases where there had been one, it would become apparent that a *Glomar* response really meant that an investigation had occurred.'" *Leopold v. Dep't of Justice*, 301 F. Supp. 3d 13, 29 (D.D.C. 2018) (quoting *PETA*, 745 F.3d at 544). The same logic applies in this case. The FBI can neither confirm nor deny that its 7(D) withholding is responsive to Plaintiff's inquiry because doing so would "jeopardize the FBI's confidential source program" as "[n]umerous confidential sources report to the FBI on a regular basis under express or implied assurances of confidentiality." 2d Seidel Decl. ¶ 10. "If the FBI responded substantively in those instances when the individual was not in fact an informant but refused to confirm whether or not responsive records existed when the individual was an informant, this practice would itself reveal which individuals are informants." *Id*. ¶ 11. The revelation of which individuals are informants, in turn, could dissuade "current and future potential sources from providing or continuing to provide critical, law enforcement relevant information to the FBI." *Id*. ¶ 12. For that reason, "the FBI must rely on a *Glomar* response in any instance in which a requester seeks records about an alleged informant." *Id.*

**C.    Plaintiff Has Not Demonstrated that the FBI Waived Its Ability to Assert a *Glomar* Response By Making an Official Acknowledgement of the Withheld Information.**

Perhaps anticipating that the FBI would assert a *Glomar* response, Plaintiff appears to invoke the "official acknowledgment" doctrine—also known as the public domain exception—as a basis for disclosure of the withheld information. *See* Pl.'s Opp'n at 10 (citing *Montgomery v. IRS*, 356 F. Supp. 3d 74, 82 (D.D.C. 2019) as a case that evaluated "facts applicable to an 'official disclosure' argument against a *Glomar* response relying upon FOIA Exemption 7(D)"). Under the official acknowledgment doctrine, "an agency may be barred from asserting *Glomar* or a FOIA exemption if doing so would be irreconcilable with its previous official statements." *Montgomery*, 356 F. Supp. 3d at 82 (citing *Wolf*, 473 F.3d at 378). More specifically, "in the context of a *Glomar* response, the public domain exception is triggered when the prior disclosure establishes the *existence* (or not) of records responsive to the FOIA request, regardless [of] whether the contents of the records have been disclosed." *ACLU*, 710 F.3d at 427 (quoting *Marino v. DEA*, 685 F.3d 1076, 1081 (D.C. Cir. 2012)) (other citation and internal quotation marks omitted) (emphasis in *ACLU*). However "[t]o overcome an agency's *Glomar* response when relying on an official acknowledgement, the requesting plaintiff must *pinpoint* an agency record that both matches the plaintiff's request and has been publicly and officially acknowledged by the agency.'" *Montgomery*, 356 F. Supp. 3d at 82 (quoting *James Madison*, 302 F. Supp. at 21) (other citation and internal quotation marks omitted).

Plaintiff has not met the referenced standard.[3] "A three-part test determines whether an item is officially acknowledged: (1) the information requested must be as specific as the

---

[3]    The same standard applies regardless of whether Plaintiff is asserting an official acknowledgment challenge to the Department's application of Exemption 7(D) or seeking to rebut

information previously released; (2) the information requested must match the information previously disclosed; and (3) the information requested must already have been made public through an official and documented disclosure." *Montgomery*, 356 F. Supp. 3d at 82 (quoting *Mobley v. CIA*, 806 F.3d 568, 583 (D.C. Cir. 2015)).

Here, Plaintiff claims that the FBI made "an official disclosure . . . documenting the previous willingness by Mr. Trump to cooperate with the FBI to prevent infiltration by elements of 'Organized Crime' of what would become Taj Mahal in Atlantic City, New Jersey," a place where Ivankov was "a frequent guest and customer . . . in the months and years leading up to his later prosecution, conviction, and deportation." Pl.'s Opp at 10-11.  As to the first and second parts of the three-part test, the information requested (information provided by an informant) does not match the information Plaintiff contends was previously disclosed (Mr. Trump's alleged willingness to work with the FBI several years prior) and thus the information Plaintiff claims was previously disclosed is not an official acknowledgment of the information requested. Plaintiff's speculation that Mr. Trump's willingness to work with the FBI establishes that the FBI made a statement about Mr. Trump being an informant in the Invankov investigation is insufficient to demonstrate that the FBI acknowledged involvement by Mr. Trump in the Invankov investigation. *See James Madison Project*, 302 F. Supp. 3d at 23 ("[a]n agency's official acknowledgment . . . cannot be based on . . . speculation, no matter how widespread.") (quoting *Moore v. CIA*, 666 F.3d 1330, 1334 (D.C. Cir. 2011)). Plaintiff therefore has failed to meet his burden of establishing that the official acknowledgment doctrine applies to preclude the FBI from asserting a *Glomar* response or Exemption 7(D). *See*

---

the Department's *Glomar* response by attempting to establish an official acknowledgment. *See ACLU*, 710 F.3d at 426-27.

*Montgomery*, 356 F. Supp. 3d at 82 ("The plaintiff bears the initial burden of showing that 'the *specific* information' is already 'in the public domain by official disclosure.'") (quoting *Wolf*, 473 F.3d at 378).

### D. Plaintiff's Speculation About the Contents of the Withheld Information is Insufficient to Establish that the FBI Improperly Applied Exemption 7(D).

Finally, the Court should disregard Plaintiff's speculative assertion that "summary judgment is not yet warranted with respect to whether FOIA Exemption 7(D) can apply to Mr. Trump" because (1) "[t]he Government has already informed the public of the fact that Mr. Trump was willing to cooperate" with the FBI and (2) "[i]t is unclear what about this specific investigation into Mr. Ivankov would have altered that analysis and led the Government to currently infer that Mr. Trump still expects any information he may have provided was under an assurance of confidentiality." Pl.'s Opp'n at 11. Plaintiff essentially offers speculation as to the FBI's confidential source as well as the information withheld. However, his unsupported assertions do not defeat the Department's representations regarding its entitlement to summary judgment. *See Petrucelli v. Dep't of Justice*, 106 F. Supp. 3d 129, 136 (D.D.C. 2015) (stating that the plaintiff's "speculation as to both the identities of the FBI's sources and content of information withheld by the FBI under FOIA Exemption 7(D) . . . neither demonstrate his entitlement to summary judgment nor defeat the defendant's representations.").

### CONCLUSION

For the foregoing reasons, and those set forth in its Opening Brief, the Department respectfully requests that this Court grant Defendant's Motion for Summary Judgment.

Dated: September 2, 2020
       Washington, DC

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By: _____/s/ *Michael A. Tilghman II*_____
      MICHAEL A. TILGHMAN II
      D.C. Bar #988441
      Assistant United States Attorney
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      (202) 252-7113
      Michael.Tilghman@usdoj.gov

*Attorneys for the United States of America*